IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JASMINE J. PUPLAVA-McDANIEL                                                  PLAINTIFF

       v.                      CIVIL NO. 5:16-CV-3032

NANCY A. BERRYHILL, [1] Acting Commissioner,
Social Security Administration                                                  DEFENDANT

**MEMORANDUM OPINION AND JUDGMENT**

Plaintiff, Jasmine J. Puplava-McDaniel, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of child's insurance benefits (CIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

On April 25, 2013, Plaintiff filed an application for child's insurance benefits based on disability and also protectively filed her current application for SSI. Plaintiff alleges a disability onset date of August 1, 2012, due to a broken back and fractured hip caused by a motor vehicle accident in 2009. (Tr. 70, 80, 92, 105). An administrative hearing was held on

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

September 23, 2014, at which Plaintiff, Plaintiff's husband, and a vocational expert testified. (Tr. 26-67).

By written decision dated January 5, 2015, the ALJ found that during the relevant time periods, Plaintiff had the following severe impairments: residuals of injuries from a motor vehicle accident with compression fractures of thoracic spine, and generalized anxiety. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13-14). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 413.967(b) except she is limited to jobs involving simple tasks and simple instructions, and only incidental contact with the public.

(Tr. 14-19). The Plaintiff has no past relevant work[2], but considering the claimant's age, education, work experience, RFC, and the testimony of the vocational expert, the ALJ determined that Plaintiff was capable of performing work as a housekeeper, machine tender, and inspector. (Tr. 19-20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on February 17, 2016. (Tr. 1-3). Subsequently, Plaintiff filed this action on March 17, 2016. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th

---

[2] The Plaintiff was previously employed as a housekeeper, a sewing machine operator, and a car hop, but this past work did not rise to the level of substantial gainful activity. (Tr. 12, 35-36, 54-55).

2

Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 12th day of September, 2017.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE